W. Mark Jump, Esq.
Ohio Bar No.: 0062837
**Jump Legal Group**
2130 Arlington Avenue
Columbus, OH 43221
*Attorneys for Plaintiff Joel Miller*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Joel Miller,<br><br>                              Plaintiff,<br><br>v.<br><br>RGH Enterprises, Inc. *dba* Home Healthcare Solutions,<br><br>                              Defendant. | Case No.: 20-3184<br><br>**Complaint for damages and injunctive relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA")**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Joel Miller ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of RGH Enterprises, Inc. *dba* Home Healthcare Solutions ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to

1  himself and his own acts and experiences, and, as to all other matters, upon
2  information and belief, including investigation conducted by his attorneys.

3  2.  The TCPA was designed to prevent calls like the ones described within this
4  complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous
5  consumer complaints about abuses of telephone technology – for example,
6  computerized calls dispatched to private homes – prompted Congress to pass
7  the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

8  3.  In enacting the TCPA, Congress intended to give consumers a choice as to how
9  creditors and telemarketers may call them, and made specific findings that
10  "[t]echnologies that might allow consumers to avoid receiving such calls are not
11  universally available, are costly, are unlikely to be enforced, or place an
12  inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward
13  this end, Congress found that

14  [b]anning such automated or prerecorded telephone calls to the
15  home, except when the receiving party consents to receiving the
   call or when such calls are necessary in an emergency situation
16  affecting the health and safety of the consumer, is the only
   effective means of protecting telephone consumers from this
17  nuisance and privacy invasion.

18  *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL
19  3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on
20  TCPA's purpose).

21  4.  Congress also specifically found that "the evidence presented to the Congress
22  indicates that automated or prerecorded calls are a nuisance and an invasion of
23  privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13; *see also, Mims*, 132
24  S. Ct. at 744.

25  **JURISDICTION AND VENUE**

26  5.  This Court has federal question jurisdiction because this case arises out of
27  violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*,
28  132 S. Ct. 740 (2012).

6.  Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Ohio; (ii) the harm complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant is listed with the Ohio Secretary of State as a Corporation for Profit doing business in Ohio and

   (a) conducts business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws of Ohio; and

   (d) caused harm to Plaintiff within this district.

## PARTIES

7.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Ohio.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.  Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, incorporated, doing business in Ohio and is a "person," as defined by 47 U.S.C. § 153(39).

9.  According to Defendant's website, http://hh-solutions.com, Defendant offers home care and hospice services.

10. Defendant is a company and owner (or frequent user) of one or more of the telephone numbers used by Defendant to make telephone calls to Plaintiff in violation of the TCPA.

## FACTUAL ALLEGATIONS

11. At no time did Plaintiff give prior written express consent for Defendant to contact Plaintiff on his cellular telephone using a prerecorded voice.

12. Starting in about August 2018, without any prior express consent from Plaintiff, Defendant initiated numerous telephone calls to Plaintiff's cellular telephone number.

13. Plaintiff has never dealt with or had any relationship with Defendant at any time.

14. Defendant called to solicit Plaintiff to buy a saliva test kit for cancer.

15. From the beginning, Plaintiff told Defendant he was not interested and to stop calling.

16. Nevertheless, Defendant continued to call Plaintiff, sometimes three to six times a day.

17. Despite Plaintiff's express request for Defendant to stop calling, Defendant continued to persistently call Plaintiff's cellular telephone.

18. Plaintiff received numerous phone calls to his personal cellular telephone number from numerous numbers associated with Defendant.

19. The calls were made on a continuing basis.

20. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) or using a prerecorded or artificial voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

21. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

24. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge.

25. The telephone calls were unwanted by Plaintiff.

26. Defendant did not have prior express written consent to place the telephone calls to Plaintiff.

27. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with unwanted calls using an ATDS and artificial and prerecorded voice.

29. Defendant's calls forced Plaintiff to live without the utility of his cellular phones by occupying his cellular telephone with one or more unwanted calls, causing Plaintiff nuisance and lost time.

30. Defendant's calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

31. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

32. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendant's violations also caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance from Defendant's prerecorded voice which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty,*

*Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## FIRST CAUSE OF ACTION
### Negligent Violations of the TCPA
### 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

37. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### 47 U.S.C. § 227, *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

1    limited to each and every one of the above-cited provisions of 47 U.S.C. § 227,

2    *et seq.*

3    40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227

4    *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for

5    each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

6    41. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in

7    the future.

8                           **PRAYER FOR RELIEF**

9        Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the

10   following relief against Defendant:

11       • Provide injunctive relief prohibiting Defendant's unlawful conduct in the

12         future, pursuant to 47 U.S.C. § 227(b)(3)(A);

13       • Award statutory damages of $500.00 for each of Defendant's negligent

14         violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(B);

15       • Award statutory damages of $1,500.00 for each of Defendant's knowing

16         and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C.

17         § 227(b)(3)(C); and

18       • Any other relief the Court may deem just and proper.

19

20

21

22

23

24

25

26

27

28

**TRIAL BY JURY**

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED June 24 , 2020.

Respectfully submitted,
**JUMP LEGAL GROUP**

By:  /s/   W. Mark Jump
W. Mark Jump, Esq.
Jump Legal Group
2130 Arlington Avenue
Columbus, OH 43221

/s/ Joel Miller
Complaint Verified
By: Joel Miller